UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SUMMONS ISSUED**

-------------------------------------------------------------

GREGORY CALLENDER, individually and on behalf
of any and all similarly situated consumers,

**CV 12 - 3231**

Civil Action No.:

CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ JUN 2 7 2012 ★

Plaintiff(s),

-against-

**CLASS ACTION
COMPLAINT**

**BROOKLYN OFFICE**

**DEMAND FOR JURY TRIAL**

CARDWORKS SERVICING, LLC
& MERRICK BANK CORPORATION,

WEXLER, J.

TOMLINSON, M.J.

Defendants.

-----------------------------------------------------------------

Plaintiff GREGORY CALLENDER, individually and on behalf of any and all similarly

situated consumers ("Plaintiff"), by and through their attorneys, LAW OFFICES OF ALLISON

POLESKY, P.C., as and for their Class Action Complaint against the Defendants CARDWORKS

SERVICING, LLC & MERRICK BANK CORPORATION respectfully sets forth, complains and

alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action individually and on behalf of any and all similarly situated

consumers for damages and declaratory and injunctive relief arising from the Defendant's

violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair

Debt Collections Practices Act ("FDCPA"). The FDCPA prohibits debt collectors from engaging in

abusive, deceptive, and unfair collection practices.

## PARTIES

2.      Plaintiff is an individual and resident of the State of California.

3.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.     Defendant CARDWORKS SERVICING, LLC ("CARDWORKS") is a New York business entity engaged in the business of collecting debts with its principal place of business located at 101 Crossways Park West, Woodbury, NY 11797.

5.     Defendant MERRICK BANK CORPORATION ("MERRICK BANK") is a Utah business entity with its corporate business address located at 10705 S. Jordan Gateway, Suite 200 South Jordan, UT 84095.

6.     Defendants CARDWORKS and MERRICK BANK are "debt collectors" as the phrase is defined and used in the FDCPA.

7.     Defendant MERRICK BANK is a "debt collector" as that term is defined as used in § 1692a(6).

**JURISDICTION AND VENUE**

8.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

9.     The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**ALLEGATIONS FOR CLASS ACTION**

11.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12.     Plaintiff brings this action individually and on behalf of a class, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA,

as of the date of Plaintiff's Class Action Complaint (the "Class"). Excluded from the Class are the

Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated

with the Defendant, including, without limitation, persons who are officers, directors, employees,

associates or partners of CARDWORKS, MERRICK BANK and Does to be determined at a later

date.

      13.     Under Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

      a.     Based on the fact that the collection letter at issue in this litigation is a mass-

mailed form letter, the class is so numerous that joinder of all members is impracticable.

      b.     There are questions of law and fact which are common to the Class and

which predominate over questions affecting any individual class member. These common questions

of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of

the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c)

Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of

Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to

be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class

are entitled to declaratory and/or injunctive relief.

      c.     The only individual issue is the identification of the consumers who received

the letter (i.e. the class members), a matter capable of ministerial determination from Defendants

records.

      d.     Plaintiffs' claims are typical of the claims of the class members. All are based

on similar facts and legal theories. Plaintiff has no interests adverse or antagonistic to the interests

of other members of the Class.

      e.     Plaintiff will fairly and adequately represent the class members' interests.

14.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 U.S.C. §1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16.     The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

17.     Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.     As a result of Defendant's deceptive and unfair debt collection practices, Defendants are liable to the Plaintiff and the members of the class. Defendant has acted, and will act, on

grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     Defendant has been attempting to collect from Plaintiff an alleged debt ("the alleged debt") due and owing to MERRICK BANK.

22.     The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     The alleged debt that Defendants attempted to collect from Plaintiff arose out of transactions that were incurred primarily for personal, family or household purposes.

24.      On or about March 1, 2012, Defendant caused a collection or "dunning" letter to be sent to Plaintiff via U.S. mail ("letter"), a copy of which is herein attached as **EXHIBIT A**, in an attempt to collect the alleged debt.

25.     The letter is a form letter.

26.     On information and belief, the alleged debt went into default in 2010.

27.     Defendant CARDWORKS acquired the alleged debt after default in March 2012.

28.     The letter states in relevant part, "Please be aware that our company, Cardworks Servicing, LLC, has been hired to collect the above referenced debt."

29.     Cardworks, Inc. is the parent company of Defendants CARDWORKS and MERRICK BANK.

30.     Defendants are subsidiaries of Cardworks, Inc.

31.     A subsidiary company is a company that is completely or partly owned and wholly controlled by another company that owns more than half of the subsidiary's stock. The controlling entity is called its parent company.

32.     In the New York State Division of Corporations website, Defendant CARDWORKS and Cardworks, Inc. are listed as having the same street and mailing address.

33.     On the MERRICK BANK website, MERRICK BANK has the same mailing address of "P.O. Box 9201, Old Bethpage, NY 11804-9001" as CARDWORKS.

34.     The letter conveys the impression that CARDWORKS is an entity completely independent from MERRICK BANK.

35.     Defendants are not independent from one another.

36.     The letter conveys that MERRICK BANK has placed the alleged debt with a third party debt collector and/or has "hired" third party debt collector to attempt to collect the alleged debt.

37.     Said statement by Defendants is the equivalent of hiring yourself to do something and is intended to mislead Plaintiff into believing that CARDWORKS has been "hired" by MERRICK BANK to collect the alleged debt.

38.     The letter is false, deceptive and misleading as Defendants cannot "hire" itself.

39.     The least sophisticated consumer is the standard for assessing communications under the FDCPA.

40.     The least sophisticated consumer is likely to understand the phrase "has been hired" as referring to an entity without the same ownership.

41.     Defendants deceived and/or misrepresented to Plaintiff the true relationship between the entities.

42.     Plaintiff and similarly situated consumers are more likely to be frightened and/or compelled to address a debt when a third party debt collector is hired with no relationship to the original creditor rather than when the original creditor is attempting to collect a debt.

43.     The letter states in relevant part, "Our client may report information about your account to credit bureaus, late payments, missed payments, or other defaults on your account may be reflected in your credit report."

44.     Said statement by Defendants regarding credit reporting is false, deceptive and misleading.

45.     The letter is false, deceptive and misleading as the least sophisticated consumer cannot understand and/or know who Defendant is referring to with its usage of the terms "our client".

46.     Defendant MERRICK BANK, in the process of collecting its own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

47.     According to 15 U.S.C. § 1692j, it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

48.     According to 15 U.S.C. § 1692j, any person who violates § 1692j shall be liable to the same extent and in the same manner as a debt collector is liable under § 1692k for failure to comply with the FDCPA.

49.     Upon information and belief, Defendants sent form letters containing language substantially similar or materially identical to that contained in **EXHIBIT A** to hundreds, if not thousands, of consumers across the United States.

50.     Defendants actions and inactions have caused the Plaintiff and similarly situated consumers in the class to be damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

51.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if the same were set forth at length herein.

52.     Defendants debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

a.      15 U.S.C. §1692e-preface, (2), (5), (8), (10) and (14).

b.      15 U.S.C. §1692f-preface.

c.      15 U.S.C. §1692j.

53.     As a result of Defendants violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff GREGORY CALLENDER and similarly situated class members demand judgment from the Defendants CARDWORKS SERVICING, LLC & MERRICK BANK CORPORATION as follows:

A.      Certifying a class action pursuant to FRCP 23.

B.      For statutory damages provided and pursuant to 15 U.S.C. §1692k;

C.      Awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k.

D.      For any and all attorneys' fees, costs, and disbursements;

E.      For an award of pre-judgment interest on all sums awarded and/or collected;

F.      For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GREGORY CALLENDER and class members hereby respectfully request a trial by jury for all claims and issues in their Class Action Complaint to which they are or may be entitled to at a jury trial.

Dated:          June 25, 2012

Respectfully submitted,

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:  (866) 479-9500
Facsimile:  (866) 688-4300
Email:  apolesky@poleskylaw.com
Attorney for Plaintiffs

# EXHIBIT A

CARDWORKS SERVICING, LLC
P.O. BOX 9201
OLD BETHPAGE, NY 11804

March 1, 2012
RE: 5463173001252612
Current Creditor – Merrick Bank Corporation
Original Creditor – Merrick Bank Corporation
Original Loan Number – 5463173001252612

ll.l....l.l.l.l.l.l.l.l....ll...ll...l.l.l.l....lllll...ll....l.l.l

Gregory Callender
12100 Leif Ericson Dr
Moreno Valley, CA  92557-7721

Dear Gregory Callender,

Please be aware that our company, CardWorks Servicing, LLC, has been hired to collect the above referenced debt. This letter is to offer you participation in the CardWorks Servicing Settlement Program. You may settle the above referenced account by choosing either the Lump Sum or Extended offers described below. Please understand we are not obligated to renew this offer. Our client may report information about your account to credit bureaus, late payments, missed payments, or other defaults on your account may be reflected in your credit report. This offer expires April 30, 2012

Lump Sum (1 payment)
We will consider the above-referenced account settled, in full, if you make a one-time payment of $873.45 (which equals 70.0% of the outstanding balance of $1,247.79) prior to the expiration date of April 30, 2012

Extended Offer (pay over time)
We will consider the above-referenced account settled, in full, if you make payments as follows:
- Remit your first payment in the amount of $32.93 within 35 days of this letter.
- Continue to make monthly payments in the amount of $32.93.
- Payments must be made every 30 days for 36 months.
- Failure to make the agreed upon monthly payments will void this offer, and the current balance will be owed in full.
- Accepting the Extended Offer will result in a total of payments greater than the Lump Sum Offer.

If you are enrolled in the Extended Settlement Program, CardWorks Servicing will cease collection activity on this account. If payments are not made on or before the dates identified above, CardWorks Servicing will resume its attempts to collect the full balance owed and the payment arrangement described in this offer will no longer be honored. After your settlement is complete, Merrick Bank Corporation will forgive any remaining balance and report to the credit bureau agencies that this account has been settled.

We have now created three convenient ways for you to settle your debt:
- Visit us at www.solvethatdebt.com and enter your response code (0201-2021-5119-9902)
- Call into our call center at 1-877-487-5583 and make your payment over the phone
- Mail your payment with the voucher below

If you have any questions including the origination of this debt, please contact our office today, toll-free, at 1-877-487-5583. Hours of operation are Monday-Wednesday and Friday 8:00 AM to 9:00 PM EST, Thursday 12:30 PM-9:00 PM EST, and Saturday 8:00 AM – 4:30PM EST.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
CardWorks Servicing, LLC
225 W. Station Square Dr.
Pittsburgh, PA 15219

**CALIFORNIA RESIDENTS:**
THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 AM OR AFTER 9 PM.  THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE.  COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK.  FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGEMENT.  FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.
Nonprofit credit counseling services may be available in the area.